# Order

**Michigan Supreme Court**
**Lansing, Michigan**

June 6, 2012

Robert P. Young, Jr.,
Chief Justice

Michael F. Cavanagh
Marilyn Kelly
Stephen J. Markman
Diane M. Hathaway
Mary Beth Kelly
Brian K. Zahra,
Justices

144888

PEOPLE OF THE STATE OF MICHIGAN,
          Plaintiff-Appellant,

v                                                        SC:  144888
                                                         COA:  303477
                                                         Ionia CC:  2011-028230-AV
JEFFREY SCOTT WARD,
          Defendant-Appellee.

_____/

      On order of the Court, the application for leave to appeal the February 13, 2012 order of the Court of Appeals is considered and, pursuant to MCR 7.302(H)(1), in lieu of granting leave to appeal, we REVERSE the judgment of the Ionia Circuit Court and we REMAND this case to the 64A District Court for reinstatement of the charge of operating a motor vehicle while intoxicated. MCL 257.625(1)(C). The Fourth Amendment is not implicated when a law enforcement officer merely approaches an individual and directs questions to that person. *Florida v Royer*, 460 US 491, 497-498; 103 S Ct 1319; 75 L Ed 2d 229 (1983); *People v Jenkins*, 472 Mich 26 (2005); *People v Shankle*, 227 Mich App 690 (1998). Even before the deputy sheriff engaged in conversation with the defendant, evidence that the vehicle had been recently driven, that the strong odor of alcohol emanated from the vehicle when the driver's side window was lowered, and that the defendant appeared to be intoxicated gave the deputy sufficient basis to detain and ultimately charge the defendant with a criminal offense.

I, Corbin R. Davis, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

June 6, 2012

Clerk

d0530